IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HUGH DEAN MORGAN,

    Plaintiff,

v.                                               Civil Action No. 5:09CV48
                                                                  (STAMP)
T&L TRANSFER, INC.,
an Ohio corporation
and DALE E. MORCKEL,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO JOIN ADDITIONAL PARTY,**
**GRANTING PLAINTIFF'S AMENDED MOTION TO JOIN ADDITIONAL PARTY**
**AND DENYING DEFENDANT T&L TRANSFER, INC'S MOTION TO DISMISS**

I. Background

The plaintiff, Hugh Dean Morgan, filed a complaint against T&L Transfer, Inc. ("T&L Transfer") and Dale E. Morckel ("Morckel") for negligence. In this complaint, the plaintiff alleges that "defendant Dale Morckel drove a motor vehicle owned by the Defendant T&L Transfer, Inc. into a motor vehicle owned and operated by Dorothy Barker and additionally occupied by the Plaintiff as a passenger therein . . . ." (Pl.'s Compl. at 1). The plaintiff, as a result of this collision, was thrown from the motor vehicle, suffering injuries, including damage to his cervical vertebrate. The plaintiff claims that he has been hindered in his daily activities, suffers great pain of body and mind, and incurred medical expenses.

Defendant T&L Transfer filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the

complaint does not allege recovery against T&L Transfer, but merely states that it owns the motor vehicle that defendant Morckel was driving. Owning a vehicle alone, the defendant argues, does not create liability on behalf of T&L Transfer. After filing this motion, defendant T&L Transfer thereafter filed a supplemental memorandum of law in support of its motion to dismiss. In this supplemental memorandum, it claims that the plaintiff's complaint does not meet the plausibility standard set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

Prior to filing any response to defendant T&L Transfer's motion to dismiss, the plaintiff filed a motion to join an additional party. As grounds for this motion, the plaintiff alleges that the proposed new defendant, C&W Transportation, Inc. ("C&W Transportation"), was not known at the time the complaint was filed. This amended complaint, however, failed to mention C&W Transportation, but states instead that "Defendant Dale Morckel negligently drove a motor vehicle owned <u>and allegedly operated by the Defendant T&L Transfer, Inc. who allegedly employed Defendant Morckel</u>, into a motor vehicle owned and operated by Dorothy Barker and additionally occupied by the Plaintiff as a passenger therein." (Pl's Mot. at 3) (emphasis added).

Accordingly, the plaintiff filed an amended motion to join an additional party, again seeking to join C&W Transportation. The plaintiff alleges in this motion that "defendant Dale Morckel negligently drove a motor vehicle owned by Defendant T&L Transfer,

2

Inc., <u>and allegedly operated by the Defendant C&W Transportation, Inc.</u>, who allegedly employed Defendant Morckel into a motor vehicle owned and operated by Dorothy Barker and additionally occupied by the Plaintiff as a passenger therein." (Pl.'s Am. Mot. at 3) (emphasis added). None of the defendants filed responses to the plaintiff's motions.

Once his motion to join an additional party and amended motion were filed, the plaintiff then filed a late response in opposition to defendant T&L Transfer's motion to dismiss. Defendant T&L Transfer did not file a reply.

For the reasons set forth below, this Court grants the plaintiff's motion to join an additional party, denies defendant T&L Transfer's motion to dismiss, and grants the plaintiff's amended motion to join an additional party.

## II. Applicable Law

A. Motion to Amend Complaint[1]

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent

---

[1] Although the plaintiff styles his motions as motions to join an additional party, this Court construes such motions as motions to amend the complaint pursuant to Federal Rule of Civil Procedure 15.

3

or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

B. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the complaint and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. <u>Rogers</u>, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, <u>supra</u> § 1357, at 344-45.

III. <u>Discussion</u>

A. <u>Motion to Join Additional Party</u>

The plaintiff seeks to amend his complaint to join C&W Transportation as a defendant in this action. He alleges that this proposed defendant was not known at the time the complaint was filed. This motion, nevertheless, fails to mention C&W Transportation. Rather, this motion only seems to clarify defendant T&L Transfer's alleged liability.

Rule 15(a) grants the court broad discretion, and a court should grant leave to amend absent an improper motive such as undue delay, bad faith, or successive motions to amend that do not cure the alleged deficiency. <u>See</u> <u>Ward Elec. Serv.</u>, 819 F.2d at 497. In <u>Foman v. Davis</u>, 371 U.S. at 182, the Supreme Court stated,

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of all allowance of the amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be "freely given."

After a review of the record, this Court concludes that the plaintiff has not exhibited any undue delay, bad faith, or dilatory motive. Moreover, the prejudice to the defendants is not significant as to prevent this Court from allowing the amendment, and this Court cannot conclude that the plaintiff's amendment would be futile, as it raises substantive issues that this Court cannot dismiss upon cursory review. Accordingly, this Court grants the plaintiff's motion to join an additional party.

B. <u>Motion to Dismiss</u>

Defendant T&L Transfer's motion to dismiss asserts that the plaintiff's original complaint does not allege recovery against T&L Transfer, but only states that it owns the motor vehicle that defendant Morckel was driving. This Court holds that the defendant's motion to dismiss must be denied.

"Absent any indication of prejudice, undue delay, or bad faith, leave to amend should be granted where Plaintiff's amended complaint cures the alleged deficiencies in its original complaint." <u>Matthews v. Consolidated Group Claims, Inc.</u>, 1998 WL 1037919, at *2 (M.D.N.C. 1998) (unpublished). In his proposed amended complaint, the plaintiff states that "Defendant Dale Morckel negligently drove a motor vehicle owned <u>and allegedly operated by the Defendant T&L Transfer, Inc. who allegedly employed Defendant Morckel</u>, into a motor vehicle owned and operated by Dorothy Barker and additionally occupied by the Plaintiff as a passenger therein." (Pl's Mot. at 3) (emphasis added). Since this amended complaint restates the plaintiff's theory of recovery against T&L Transfer, essentially that defendant Morckel is an agent of defendant T&L Transfer, the complaint can withstand the defendant's Rule 12(b)(6) motion for failure to state a claim under the Federal Rules of Civil Procedure.

C. <u>Amended Motion to Join Additional Party</u>

The plaintiff's amended motion to join an additional party actually incorporates allegations against C&W Transportation that

7

the plaintiff apparently omitted in his first amended complaint. "Courts have the authority to grant parties an opportunity to address or correct technical errors in pleadings." United States v. Wright, 985 F.2d 554, at *3 (4th Cir. 1993) (unpublished). Again, this Court determines that the plaintiff has not exhibited any undue delay, bad faith, or dilatory motive in filing this amended motion to join an additional party. Furthermore, because the prejudice to the defendants is not significant, the amendment is not futile, and it raises substantive issues, this Court must grant the plaintiff's amended motion to join an additional party.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to join an additional party is hereby GRANTED. The Clerk is DIRECTED to file the amended complaint, which was attached to the plaintiff's motion to join additional party, Docket No. 9. The plaintiff is DIRECTED to serve the amended complaint on defendants T&L Transfer, Inc. and Dale E. Morckel. The parties served with the amended complaint shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or cross-claims pursuant to Federal Rule of Civil Procedure 13. In light of this holding, defendant T&L Transfer, Inc.'s motion to dismiss is DENIED.

Moreover, the plaintiff's amended motion to join an additional party is GRANTED. The Clerk is DIRECTED to file the amended complaint, which was attached to the plaintiff's amended motion to join additional party, Docket No. 11. The plaintiff is DIRECTED to

serve the amended complaint on the defendants, including C&W Transportation. The parties served with the amended complaint shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or cross-claims pursuant to Federal Rule of Civil Procedure 13.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: November 20, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE