IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HUGH DEAN MORGAN,

    Plaintiff,

v.                                                     Civil Action No. 5:09CV48
                                                                                 (STAMP)
T&L TRANSFER, INC.,
an Ohio corporation,
DALE E. MORCKEL and
C&W TRANSPORTATION, INC.,
an Ohio corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S ORAL MOTION TO EXTEND TIME**
**TO EFFECT SERVICE ON DEFENDANT DALE E. MORCKEL**

    On February 19, 2010, the plaintiff and defendants T&L Transfer, Inc. and C&W Transportation, Inc. filed a joint motion to continue the trial in the above-styled civil action. In support of this motion, the parties stated that defendant Dale E. Morckel has not yet been served, and that the plaintiff needs additional time to accomplish service of process on Mr. Morckel. Furthermore, the parties indicated that they need additional time to complete discovery.

    Thereafter, on March 8, 2010, this Court held a status and scheduling conference to discuss the parties' motion, at which time this Court granted the parties' joint motion to continue. Also at that conference, the plaintiff made an oral motion to extend the time to effect service on defendant Morckel, requesting an additional ninety days from the date of the status and scheduling

conference. Defendants T&L Transfer, Inc. and C&W Transportation, Inc. indicated that they did not object to this oral motion.

The requirements for service of process are set forth in Federal Rule of Civil Procedure 4(c)(1), which provides that a plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. Fed. R. Civ. P. 4(m). In cases removed from state court, the plaintiff has 120 days after the date of removal to complete service. Schwarzer, Tashima, & Wagstaffe, <u>Federal Civil Procedure Before Trial</u> 5:264 (The Rutter Group 2008).

Rule 4(m), however, also states that a court must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. <u>Id.</u> An extension of time may also be granted under Rule 6(b) of the Federal Rules of Civil Procedure upon a showing of excusable neglect where a plaintiff's motion for an enlargement of time to effect service is made after the 120-day period has passed. Fed. R. Civ. P. 4(m).

In determining whether to dismiss for insufficient service of process, courts apply the same test for "good cause" under Rule 4(m) and for "excusable neglect" under Rule 6(b)(2). <u>MCI Telecommunications Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d Cir. 1995). To avoid dismissal under either rule, a plaintiff

must show good faith and some reasonable basis for the failure to effect service during the time specified in the rules. <u>Nanyonga v. I.N.S.</u>, 200 F.R.D. 503, 506 (M.D. Pa. 2001). A court may find such a showing where the plaintiff has attempted but not completed service, where the plaintiff was confused about the requirements of service, or where circumstances beyond the plaintiff's control prevented service. <u>Mateo v. M/S KISO</u>, 805 F. Supp. 792, 795 (N.D. Cal. 1992).

A number of factors are relevant to determining whether good cause (or excusable neglect) exists to extend the time for service. These factors include, for example, whether a reasonable effort to effect service has been made (<u>Television Signal Corp. v. City & County of San Francisco</u>, 193 F.R.D. 644, 646 (N.D. Cal. 2000) ("<u>Television Signal Corp.</u>")); whether the delay will prejudice a defendant; (<u>Feingold v. Hankin</u>, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003)); and whether the plaintiff has filed a Rule 6(b) motion for an extension of time to effect service of process (<u>Television Signal Corp.</u> at 646).

In this case, the parties indicated in their joint motion to continue that defendant Morckel's residence location had not yet been confirmed. At the status and scheduling conference held on March 8, 2010, however, the plaintiff informed this Court that he had recently located the defendant's residence to effect service. Based upon the parties' representations, this Court finds good cause to extend the time for the plaintiff to effect service on

defendant Morckel.  Furthermore, this Court finds no evidence to suggest that any defendant would be unfairly prejudiced by this extension.

Accordingly, the plaintiff's oral motion to extend the time to effect service on defendant Morckel is hereby GRANTED.[1]  The plaintiff shall serve defendant Morckel pursuant to Federal Rule of Civil Procedure 4(c)(1) on or before **June 8, 2010**.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 9, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] This memorandum opinion and order sets forth in more detail the pronounced ruling made by this Court during the status and scheduling conference held on March 8, 2010.